[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16036
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-22227-CV-JEM

OMAR R. OSAHAR,

Plaintiff-Appellant,

versus

U.S. POSTAL SERVICE,
John Potter Post Master General,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 13, 2005)

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Omar Osahar, acting pro se, appeals the district court's order granting the

United States Postal Service's ( "USPS's") motion for an award of costs in his

employment discrimination action. Because we find no abuse of the district court's discretion, we affirm.

BACKGROUND

Osahar filed an employment discrimination complaint against the USPS, pursuant to 42 U.S.C. § 2000e, et seq., alleging that he was subjected to racial discrimination, retaliation for filing grievances, and a hostile work environment. The USPS moved for summary judgment, which the district court granted, and we affirmed. The USPS, as the prevailing party, then filed the instant motion for award of costs, pursuant to Fed.R.Civ.P. 54(d), in the amount of $3,784.08, plus interest. This amount reflected costs related to obtaining copies of Osahar's deposition transcript and photocopying discovery documents, pleadings, and other necessary papers. The district court granted the USPS's costs motion, and the USPS moved for entry of final costs judgment.

In response, Osahar filed a "motion for stay without filing of supersedeas bond," asking that the court stay execution of the order granting the USPS award of costs and any final costs judgment. The USPS filed a motion for enlargement of time to respond to Osahar's motion. After the district court granted the USPS's time enlargement, Osahar filed a reply, arguing that the district court was precluded from granting any time enlargement because the response time had already elapsed before

2

the enlargement request was filed. The USPS then responded to Osahar's motion for stay within the enlarged time frame. The district court ultimately granted the USPS's motion for entry of final costs judgment, and denied Osahar's motion for stay without filing of supersedeas bond. Oshar then filed a supersedeas bond and brought this appeal.

Osahar first argues that the district court erred by granting the USPS's motion for enlargement of time to respond to his motion for stay without filing of supersedeas bond because the USPS's motion for enlargement of time was untimely filed, in violation of Local Rule 7.1 and Fed.R.Civ.P. 6. Second, Osahar argues that the USPS overcharged him for pages of his deposition transcript that were not submitted to the court, as only 67 pages of his deposition transcript were "admitted as necessary." He further contends that the USPS improperly included its half of their mediation bill in its verified bill of costs. Finally, Osahar argues that the district court erred by denying his motion for stay without filing of supersedeas bond because (1) a bond is not always required, and (2) in his case, the requirement of a bond is "not in the interest of justice and is an unjust imposition of cost that provides the [USPS] . . . no additional security."

STANDARD OF REVIEW

We review the district court's grant of an enlargement of time, pursuant to Rule 6(b), for an abuse of discretion.  Useden v. Acker, 947 F.2d 1563, 1571 (11th Cir. 1991).  Similarly, in addressing Osahar's contentions regarding the district court's grant of costs judgment, we "will not disturb a costs award in the absence of a clear abuse of discretion." U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 619-20 (11th Cir. 2000) (internal quotations and citation omitted).

ENLARGEMENT OF TIME

According to Rule 6(b), a court may enlarge the time period in which a party has to act, even upon a motion made after the expiration of the specified time period, where the failure to act was the result of "excusable neglect."  Fed. R. Civ. P. 6(b).  As Rule 6(b) expressly permits an extension of time where the motion to extend was filed after the original time frame had expired, we can perceive no abuse of discretion in the district court's grant of the USPS's motion to expand its response time.

AWARD OF COSTS

Rule 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees.  Fed. R. Civ. P. 54(d)(1).  Taxable costs include: (i) court reporter fees for transcripts "necessarily obtained for use in the case"; and (ii) fees for "copies of papers necessarily obtained for use in the case."  28 U.S.C. § 1920; see also W&O, 213 F.3d at 620-21 ("Taxation of deposition costs is authorized by § 1920(2) . . . [and

a] district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." (internal quotations and citation omitted)).

We agree with the district court that the costs relating both to photocopying and Osahar's deposition transcript were "necessarily obtained for use in the case." The entirety of Osahar's deposition transcript was filed in support of the USPS's motion for summary judgment. See W&O, 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.") (internal citations and quotation omitted). Moreover, our review of the record does not support Osahar's contentions that the USPS's bill of costs improperly included the costs of mediation. We find no abuse of the district court's discretion and we affirm.[1]

**AFFIRMED.**

---

[1]Because we affirm the district court's taxation of costs against Osahar on the merits, we need not address Osahar's now-moot arguments regarding the district court's denial of his motion for a stay of judgment pending appeal without bond.